UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONTEREY COUNTY BANK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTOPHER M. BARNARD, M.D., et al.,<br><br>　　　　Defendants. | Case No. 17-CV-02716-LHK<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 18 |

Plaintiff Monterey County Bank ("Plaintiff") sues Defendants Christopher M. Barnard, M.D. ("Barnard Corp."), a medical corporation, and Christopher M. Barnard ("Barnard") (collectively, "Defendants") for causes of action arising from Defendant Barnard Corp.'s alleged breach of a promissory note. *See* ECF No. 1-1. Before the Court is Plaintiff's motion to remand. The Court finds this motion suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and hereby VACATES the motion hearing set for November 30, 2017, at 1:30 p.m. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Plaintiff's motion to remand.

I. **BACKGROUND**

　　**A. Factual Background**

Plaintiff is "a corporation authorized to transact business in California." ECF No. 1-1 at 4. Defendant Barnard Corp. is a "corporation organized and existing under the laws of the State of California," while Defendant Barnard is "a resident of Monterey County California." *Id.* at 4–5. On March 10, 2015, Plaintiff "made a commercial loan to [Defendant Barnard Corp.] in the principal sum of $1,275,000" that was "evidenced by a promissory note" and "payable in monthly installments of $14,155." *Id.* at 6. Plaintiff states that "[a]s an inducement to [P]laintiff to make the $1,275,000 loan to [Defendant Barnard Corp.] . . . [Defendant Barnard] signed and delivered to [P]laintiff [a] personal guarantee to repay the loan." *Id.* Further, as an additional "inducement to [P]laintiff to extend the loan," Defendant Barnard Corp. executed a "Commercial Security Agreement dated March 10, 2015 granting [P]laintiff a security interest in [Defendant Barnard Corp.'s] equipment, fixtures, inventory, accounts, chattel paper, furniture, general intangibles, machinery and proceeds received from the collateral." *Id.* at 7. Pursuant to the terms of this security agreement, "should a default occur in the performance of any obligation due [] under the $1,275,000 loan," Plaintiff may "foreclose on its loan security." *Id.* Plaintiff alleges that Defendant Barnard Corp. "defaulted on the $1,275,000 loan by failing to pay the monthly installments falling due on February 1, 2017 and for each month thereafter." *Id.* at 6.

**B. Procedural History**

On March 29, 2017, Plaintiff filed suit against Defendants in the Superior Court for the County of Monterey. *See* ECF No. 1-1 at 9. Plaintiff's complaint asserted three causes of action: breach of promissory note (against Defendant Barnard Corp.); breach of guaranty (against Defendant Barnard); and enforcement of a personal property security interest (against both Defendants). *Id*. at 5–7. On May 5, 2017, Defendants answered Plaintiff's complaint. ECF No. 1-2 at 5. Then, on May 10, 2017, Defendants filed counterclaims against Plaintiff. ECF No. 1-3 at 13.

On that same day, Defendants removed the case to this Court. ECF No. 1 ("Notice of Removal") at 2. Defendants removed the case to this Court. ECF No. 1 ("Notice of Removal") at 2. In their Notice of Removal, Defendants explained that (1) "[t]he 'promissory note' upon which

2

Case No. 17-CV-02716-LHK
ORDER GRANTING MOTION TO REMAND

1 Plaintiff sues is an SBA loan subject to The Small Business Administration policies and

2 procedures [] based on Section 7(a) of the Small Business Act, 15 U.S.C. [§] 631 *et. seq.*"; (2)

3 "[t]he personal property lien is the subject of a UCC filing which per its terms is construed in

4 accordance with federal law"; and (3) "Defendants have asserted a Counterclaim for breach of

5 fiduciary duty arising from Plaintiff's violation of policies and procedures of the Small Business

6 Act, 15 U.S.C. [§] 631 *et. seq.*". *Id.* ¶¶ 2–4. Based on these factors, Defendants asserted that a

7 federal question existed, and thus that jurisdiction was proper under 28 U.S.C. § 1331, because

8 "the Complaint asserts claims under federal law (Section 7(a) of the Small Business Act, 15

9 U.S.C. [§] 631 *et. seq.*)." *Id.* ¶ 5.

On May 19, 2017, Plaintiff answered Defendants' counterclaims. ECF No. 10. Then, on August 9, 2017, Plaintiff filed the instant motion to remand. ECF No. 18 ("Mot."). Defendants opposed this motion on August 29, 2017, ECF No. 23 ("Opp."), and Plaintiff replied on August 30, 2017. ECF No. 24.

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

## III. DISCUSSION

In its motion to remand, Plaintiff argues that the Court should remand the instant case to

3
Case No. 17-CV-02716-LHK
ORDER GRANTING MOTION TO REMAND

1  Monterey County Superior Court because Plaintiff's complaint asserts no federal claims, and thus

2  the Court does not have federal question jurisdiction over Plaintiff's complaint pursuant to 28

3  U.S.C. § 1331. Mot. at 2; *see* ECF No. 19 at 4. The Court agrees.

4      For the Court to have federal question jurisdiction over a complaint, the complaint must

5  arise under federal law. 28 U.S.C. § 1331. Generally speaking, "[a] cause of action arises under

6  federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen*

7  *v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). "The well-pleaded complaint rule is

8  the basic principle marking the boundaries of the federal question jurisdiction of the federal

9  district courts." *Met. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (internal quotation marks

10  omitted). Plaintiff's complaint asserts only state law claims for breach of promissory note, breach

11  of guaranty, and enforcement of a personal property security agreement. *See* ECF No. 1-1 at 5–7.

12  Generally, a complaint that asserts only state law claims does not arise under federal law. *Taylor*,

13  481 U.S. at 63.

14      Defendants argue in both their Notice of Removal and their opposition to Plaintiff's

15  motion to remand that because the promissory note at issue is "an SBA loan subject to The Small

16  Business Administration policies and procedures [] based on Section 7(a) of the Small Business

17  Act, 15 U.S.C. [§] 631 *et. seq.*," Plaintiff's complaint necessarily asserts federal claims—

18  specifically, claims under "Section 7(a) of the Small Business Act." Notice of Removal ¶¶ 2, 5;

19  *see* Opp. at 2–3. Defendants also argue that the UCC financing statement associated with the

20  personal property security agreement executed by Defendant Barnard Corp. is "further evidence

21  that [Plaintiff's] Complaint concerns a federal question under the SBA Act" because the UCC

22  financing statement contains the following written terms:

23      The loan secured by this lien was made under a United States Small Business
    Administrations (SBA) nationwide program which uses tax dollars to assist small
24      business owners. If the United States is seeking to enforce this document, then
    under SBA regulations: When SBA is the holder of the Note, this document and
25      all documents evidencing or securing this Loan will be construed in accordance
    with federal law.
26

27  Opp. at 4–5 (quoting ECF No. 23-5 at 2); *see* Notice of Removal ¶ 3.

28  
4
Case No. 17-CV-02716-LHK
ORDER GRANTING MOTION TO REMAND

The Court is not persuaded. As an initial matter, because Plaintiff, and not the United States, is seeking to enforce the security agreement, it is unclear whether the directive to construe the UCC financing statement associated with the personal property security agreement "in accordance with federal law" applies. ECF No. 23-5 at 2. Moreover, even if it does apply, the mere fact that the $1,275,000 loan at issue is subject to federal law and that the UCC financing statement must be construed in accordance with federal law is not enough to invoke this Court's federal question jurisdiction. *See HICA Educ. Loan Corp. v. Waters*, 2011 WL 10653941, at *2 (C.D. Cal. Nov. 7, 2011) ("An action for default on a promissory note, executed under the HEAL program, *see* 42 U.S.C. § 292 *et seq.*, and governed by the federal regulations, 42 C.F.R. Part 60, is insufficient to establish federal-question jurisdiction.").

Instead, federal question jurisdiction will lie over state law claims like Plaintiff's only "in certain cases" where those state law claims "implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Under *Grable*, a federal court may exercise jurisdiction over a state law claim only if (1) the action necessarily raises a federal issue that is (2) disputed and (3) substantial, and if (4) the court may entertain the case without disturbing the congressionally approved balance of federal and state judicial responsibilities. *Id.* at 314. The party seeking to establish jurisdiction must justify a need for "the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* at 312.

Here, Defendants fail to demonstrate that federal question jurisdiction exists over Plaintiff's state law claims under *Grable*. First, Defendants do not explain why Plaintiff's state law causes of action for breach of promissory note, breach of guaranty, and enforcement of a personal property security interest necessarily raise federal issues. Instead, Defendants merely point generally to "Section 7(a) of the Small Business Act," *see* Notice of Removal ¶ 5, and the UCC financing statement discussed above, *see* ECF No. 23-5, without discussing the particular federal issues that are implicated by Plaintiff's causes of action.

Second, and relatedly, Defendants fail to identify any issues of federal law that are actually

disputed. Even though the loan at issue is an SBA loan and even if the UCC financing statement must be construed according to federal law in the instant case, Plaintiff's complaint presents only ordinary state law contractual causes of action for breach of promissory note, breach of guaranty, and enforcement of a personal property security agreement. *See HICA Educ. Loan Corp v. Danziger*, 900 F. Supp. 2d 341, 343 (S.D.N.Y. 2012) ("HICA argues that the Court has subject matter jurisdiction because HEAL program loans are creatures of federal statutes and regulations. Yet the fact that HEAL loans are regulated does not bear on the issue of whether Danziger defaulted."); *see also Inter-Am. Univ. of Puerto Rico, Inc. v. Concepcion*, 716 F.2d 933, 934 (1st Cir. 1983) ("It is the nature of the action before the court, not the nature of the loan program, that establishes the existence or absence of federal jurisdiction.").

Moreover, none of Plaintiff's causes of action are expressly premised on federal law. *See Grable*, 545 U.S. at 314–15 (holding that federal question jurisdiction exists in part because the plaintiff "premised its superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law," and thus "[w]hether [the plaintiff] was given notice within the meaning of the federal statutes is [] an essential element of its quiet title claim, and the meaning of the federal statute is actually in dispute").

Further, Defendants do not explain how any cause of action asserted by Plaintiff requires resolution of an issue of federal law. *See K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024 (9th Cir. 2011) (holding that federal question jurisdiction did not exist where a lease was governed "by [a] specific federal statutory and regulatory scheme" but the plaintiff's cause of action relating to the lease did not require the resolution of a federal question of law).

Defendants also appear to argue in their Notice of Removal that federal question jurisdiction exists because Defendants have asserted a federal counterclaim "for breach of fiduciary duty arising from Plaintiff's violation of policies and procedures of the Small Business Act, 15 U.S.C. [§] 631 *et. seq.*" Notice of Removal ¶ 4. However, it is well established that a counterclaim cannot "serve as the basis for [§ 1331] 'arising under' jurisdiction." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–32 (2002). Thus, to the extent that

6

Defendants' counterclaim is based on an alleged violation of federal law, that allegation does not provide a basis for federal jurisdiction. Consequently, Defendants have failed to carry their burden of establishing federal jurisdiction in the instant matter. *See Placer Dome*, 582 F.3d at 1087.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand the case to Monterey County Superior Court. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 27, 2017

*Lucy H. Koh*
LUCY H. KOH
United States District Judge